Francis A. Sturges, J.
The defendant, in his affidavit upon appeal, alleges that his conviction was erroneous and improper for the following reasons, to wit:
1. That the information upon which the defendant was charged was insufficient.
2. That the defendant was not properly informed of his rights upon arraignment and before conviction.
3. That the defendant was not properly informed of the penalty upon a plea of guilty to the charge herein.
4. That the defendant was not properly arraigned.
5. That the defendant did not understand his rights or the nature of the charge against him.
6. That the defendant did not plead guilty to the crime herein.
*240 7. That the defendant was not informed of his rights to counsel or to an adjournment to determine if he wished the matter returned to the Grand Jury.
The Justice of the Peace, in his return, states: “ I do not recall whether I advised defendant of his right to counsel and his right to an adjournment for that purpose, or whether I advised him that he was entitled to an adjournment to determine if he wished the matter referred to the Grand Jury.” The Justice further says, in his return, ‘ ‘ I further state that the defendant did not demand counsel nor did he demand a trial or a jury trial, and I further state that he was advised of the charge and pleaded guilty thereto and that upon his plea of guilty, I fined the defendant Twenty Dollars ($20.00), which he paid.”
As the defendant, in his affidavit on appeal, has specifically alleged: “ That the defendant was not informed of his right to counsel or to an adjournment to determine if he wished the matter returned to the Grand Jury ” and, as the Justice in his return says: ‘ ‘ I do not recall whether I advised defendant of his right to counsel and his right to adjournment for that purpose, or whether I advised him that he was entitled to an adjournment to determine if he wished the matter referred to the Grand Jury”, I find that the Justice did not so advise the defendant.
Subdivision 1 of section 699 of the Code of Criminal Procedure requires that the magistrate, when defendant is brought before him, “ must immediately inform him of the charge against him and of his right to the aid of counsel in every stage of the proceedings, and before any further proceedings are had ”, and subdivision 2 of this section continues “ The magistrate must allow the defendant a reasonable time to send for counsel, and adjourn the proceedings for that purpose.” The defendant was charged with a misdemeanor and the failure of the Justice to comply with section 699 of the Code of Criminal Procedure completely nullifies the proceedings taken upon the plea of guilty and the conviction entered thereon and requires a reversal of the judgment and the remission of the fine imposed.
The defendant’s claim that he was not properly informed of the penalty upon plea of guilty to the charge appears, from examination of the return of the Justice, to be without merit as the Justice says: “ I also advised the defendant that a plea of guilty to the charge is equivalent to a conviction after trial, and that if he was convicted, not only would he be liable to a penalty, but in addition his license to drive a motor vehicle or motor cycle, and his certificate of registration if any, are subject to suspension or revocation as prescribed by law.” Hence the *241 return of the Justice indicates that the provisions contained in the second paragraph of section 335-a of the Code of Criminal Procedure were strictly complied with. Likewise the uniform traffic ticket, New York State Police, which purports to have been signed by the arresting officer and which was attached to the deposition and information returned by the Justice, contains this information in bold print, apparently to conform with the third paragraph of section 335-a of the Code of Criminal Procedure. Although there is nothing in the return of the Justice to indicate that a copy of this traffic ticket was delivered to the defendant or shown to the defendant at the time of his arrest or before he entered his plea, it gives some support to the statement of the Justice that he was properly informed of the effect of a plea of guilty to the charge.
Counsel for the defendant has earnestly contended that the information upon which the defendant was charged was insufficient. The form of this information is not to be commended and the language is quite confusing, in that the informant, a State Trooper, appeared before the Justice and gave information under oath as follows:
“ That one Roy A. Porter, on the 18th day of May, 1959, at the RT 98, in the Town of Barre County of Orleans, N. Y. at about 8:45 o ’clock in the afternoon of said day, did commit the crime of Leaving The Scene of An Accident in violation of Article 5 Section 70 Subdivision 5a of the Vehicle & Traffic Law of the State of New York by wrongfully, unlawfully, willfully and knowingly did operate and drive a 1959 Pontiac, a motor vehicle, bearing N. Y. Registration 6S 6568, in a southerly Direction, at the above stated Time & Place & Did Fail To Exhibit His License & Give His Name, Residence, & License Number To The Party Sustaining The Damage Being one Newell Edward Allport.
“ To Wit: Defendant was involved in an Accident with the above Said Newell Allport. Defendant Knowing Damage was Sustained by Mr. Allport Did Fail to Exhibit His License & Give His Name to Deponent This Information is Based on Information and Belief, Grounds of my Information Being The Sworn Deposition Attached Hereto and The Baises for my Belief Being the Investigation By the Undersigned & Tpr T. J. Georgitso — Wherefore, your informant prays that the deposition of informant and Newell Edward Allport & T J Georgitso, witness, may be reduced to writing and duly subscribed, and that a warrant issue for the arrest of said accused, and that he be dealt with pursuant to the provisions of the Code of Criminal Procedure.”
*242 The said information was signed by the trooper laying the information and sworn to on the 19th day of May, 1959, before the Justice.
The supporting deposition, made by Newell Edward Allport and sworn to before the Justice on the 19th day of May, 1959, merely described the collision and the car which ran into the Allport car and then adds “ When I told the driver of the car that hit me, I was going to call the State Police, said driver got into his car and drove off ’ ’. This deposition does not specifically state that the defendant left the scene without stopping, exhibiting his license and giving his name, residence and license number to the deponent (who was the party sustaining the damage) or to a police officer.
Although the allegations in the information are based upon this supporting deposition which was attached to the information, and upon the investigation made by the troopers, without disclosing what investigation they made and the sources of information other than that obtained from the unsatisfactory deposition of the injured party, and although the Justice should have granted a motion to dismiss the complaint, if such motion had been made prior to the entry of a plea of guilty, and required the laying of a proper information supported by a proper deposition, this information does, in my opinion, charge the defendant with having committed a crime. The prevailing opinion in People v. Scott (3 N Y 2d 148, 152), reads as follows:
“We turn now to the question of whether defendant has waived his objection to the lack of an information by his plea of guilty. It is well settled that by such a plea he waives his objection to the form of the information, or where it is based on information and belief without disclosing the source thereof ” (citing cases). And the court then continues:
“ However, objections to the jurisdiction of the court are not waived, nor is the objection that the information does not state a crime ” (citing cases).
If the defendant had been fully and properly advised by the court as to his right to the aid of counsel in every stage of the proceedings and before any further proceedings were had and the Magistrate must allow the defendant a reasonable time to send for counsel, and adjourn proceedings for that purpose, as required by section 699 of the Code of Criminal Procedure, and defendant had taken advantage of that right, the confusion in this matter would undoubtedly have been eliminated upon the attorney’s motion to dismiss the complaint and upon the presentation of a proper complaint and depositions clearly and properly charging the alleged crime, if such depositions could have *243 been procured. The return of the Justice shows that these proceedings were held at about 3:45 o’clock in the morning on May 19, 1959 and that the alleged crime was alleged to have been committed at about 8:45 o’clock in the evening of May 18. It is conceded that the defendant, who resided in Elba, Q-enesee County, was gotten out of bed early in the morning of May 19 and taken before a Justice of the Peace in the Town of Barre, Orleans County, where he was found guilty of violation of subdivision 5-a of section 70 of the Vehicle and Traffic Law. This apparent unnecessary haste in conducting these proceedings may well explain the careless drawing of the information and deposition, the failure of the Justice to advise the defendant of his right to aid of counsel and to an adjournment for that purpose and the apparent failure of the defendr ant to think of asking for an adjournment and an opportunity to consult with a lawyer, in order that he might be fully advised as to whether he had committed the misdemeanor defined and described in subdivision 5-a of section 70 of the Vehicle and Traffic Law.
The judgment appealed from is reversed on the law and the fine paid ordered remitted.